IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,411-05






EX PARTE CHARLES ALLEN BLACKSHEAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1982-526-C2B IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation, and was sentenced to twenty-five years' imprisonment. 

 Applicant contends that he should have discharged his sentence in this cause before the
issuance of the pre-revocation warrant leading to the revocation of his mandatory supervision. 
Although Applicant is still serving a concurrent sentence in cause number 82-531-C for aggravated
robbery with a deadly weapon, which would not have discharged prior to the issuance of the pre-revocation warrant, TDCJ's records appear to reflect that Applicant is still serving both sentences. 
Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of any releases to
parole or mandatory supervision. The affidavit shall also list the dates of the issuance of any parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The affidavit
shall state whether, on the date of the issuance of the most recent pre-revocation warrant, Applicant
should have discharged his sentence in cause number 82-526-C. Finally, the affidavit should
indicate whether or not Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has properly exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant's flat time
credits are being properly calculated, and as to whether Applicant should have discharged his
sentence in this cause number before the issuance of the most recent pre-revocation warrant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 30, 2013

Do not publish